Edward J. Greenfield, J.
Motion by plaintiff for an order granting summary judgment against all named defendants. Defendants Powar & Ferraioli Enterprises, Ltd., and Powar and Ferraioli cross-move for an order granting summary judgment against the defendants G. C. O’Brien, Inc., and Helen M. O’Brien.
The defendant, Powar & Ferraioli Enterprises, Ltd., (hereinafter referred to as "P & F”) received loans from the plaintiff Central State Bank (hereinafter referred to as the "bank”) with which it maintains a checking account. The principals of P & F, Powar and Ferraioli, executed and delivered individual guarantees to the bank whereby they assumed personal liability for certain obligations incurred by P & F as a result of its transactions with the bank.
The defendant, G. C. O’Brien, Inc. (hereinafter referred to as "O’Brien, Inc.”), obtained an insured Small Business Administration loan through the bank. The principal of O’Brien, Inc., executed an individual guarantee in connection therewith. O’Brien, Inc., had transacted business with P & F and delivered a promissory note to it signed by the defendant, Helen M. O’Brien, as an officer of O’Brien, Inc. The note was payable at O’Brien, Inc.’s, place of business, 50-50 2nd Street, Long Island City. P & F then indorsed the note over to the bank. The bank, apparently on its own, changed the place of payment from O’Brien, Inc.’s, place of business to its own New York place of business. Subsequently, the note was not paid by O’Brien, Inc.
The plaintiff bank now seeks summary judgment against P & F for unpaid loans, overdrawn checking accounts and for the amount due on the O’Brien, Inc., promissory note. The plaintiff also seeks summary judgment against P & F principals, under the personal guarantees executed by them on behalf of P & F.
The defendants, O’Brien, Inc., and Helen M. O’Brien, oppose *459 the plaintiffs motion for summary judgment on the ground that the change by the bank of the place of payment, as stated above, is a material alteration of the note and that the personal guarantee executed by Helen M. O’Brien is invalid. These contentions are without merit.
The argument that the change of the place of payment is a material alteration and, therefore, is one that would discharge the maker of the note from any liability thereunder, is untenable under the provisions of section 3-407 of the Uniform Commercial Code. This section provides that in order for an alteration to discharge a maker, it must be both material and fraudulent. O’Brien, Inc., and Helen M. O’Brien do not allege that the note was fraudulently indorsed by P & F to its bank, or that P & F had no legal right to negotiate the note. While it is true that an alteration of the place of payment under the old Negotiable Instruments Law was a material alteration which voided such a note, this is no longer true under the Uniform Commercial Code. (See Pierce, Practice Commentaries, McKinney’s Cons Laws of NY, Book 6210, Uniform Commercial Code, § 3-407.) The defendants’ reliance on Golden v Furniture Frame Factories (235 App Div 708) therefore is misplaced. Golden was decided pursuant to the old statute (see Negotiable Instruments Law, § 205), which is no longer controlling. O’Brien, Inc.’s, and Helen M. O’Brien’s contention that the note was not to be negotiated until O’Brien, Inc., collected certain accounts receivable from the City of New York is without support in this record and appears to be a mere afterthought.
Helen M. O’Brien also contends that the personal guarantee she executed is invalid as she did not understand the contents and terms of the guarantee "nor was she advised that such a guaranty was being executed.” She also alleges that she relied on plaintiff’s counsel and she also argues that she was not represented by counsel at the time she executed the guarantee and that she relied on statements made to her by plaintiff’s counsel. This is belied by the documentary evidence produced by plaintiff which discloses that Helen M. O’Brien knew what she was signing and had ample opportunity to consult with her own counsel.
The defendants, P & F and its principals, oppose the motion for summary judgment and cross-claim against O’Brien, Inc., and Helen M. O’Brien, individually, in the event plaintiff prevails against them.
*460 Powar and Ferraioli executed their own guarantees whereby they assumed personal liability for P & F’s indebtedness to the bank. As stated above, the note executed by O’Brien, Inc., was payable to P & F and indorsed by Powar and Ferraioli to the bank. Powar and Ferraioli contend that their guarantee only applies to loans made by the bank to P & F directly and is inapplicable where P & F merely indorsed a note which was dishonored by its maker.
However, contrary to their contention, the guarantee provides for personal liability "with respect to any and every obligation or liability of the Borrower to the Bank, whether now existing or hereafter incurred, whether originally contracted with the Bank or with another and transferred to the Bank or otherwise acquired by the Bank” (italics added). Defendants, therefore, are individually liable to the bank on the note made by their codefendants.
The cross motion by defendants, P & F and Powar and Ferraioli for judgment over is granted only as to O’Brien, Inc., as maker of the note and not as to Helen M. O’Brien, individually. The note was executed by her solely as an officer of O’Brien, Inc., and, therefore, no individual liability accrues thereunder.
Plaintiffs motion for summary judgment is granted against the defendants in the amounts set forth in the moving papers.